# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**RONALD DWAYNE JAMES,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　**CASE NO. 1:08CV167-MP/AK**

**ALACHUA COUNTY JAIL,**

    **Defendants.**

_____/

## O R D E R

Presently before the Court in the above entitled action is Plaintiff's Motion to Compel the jail to provide supplies. (Doc. 9). Also, the Court has reviewed Plaintiff's complaint and finds that it fails to state a claim for relief. (Doc. 1).

First, the jail is not "an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office." Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979). Under Florida law, Sheriffs of their respective counties are subject to suit under 42 U.S.C. §1983. Ortega v. Schramm, 922 F.2d 684, 694 (11th Cir. 1991). However, because Florida law does not recognize a jail as a legal entity separate and apart from the Sheriff charged with its operation and control, Plaintiff must omit any claims against the jail/detention facility. Avant v. Rice. 1992 WL 359633, at*6 (M.D. Fla., November 19, 1992).

Plaintiff has named the Alachua County Jail as the only defendant and is suing the jail because he was not allowed to take parenting classes.  Plaintiff does not have a constitutional right to take classes, and as such he has failed to state a claim for relief.  He must name individual defendants whom he alleges have violated specified federal laws or constitutional rights.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file a second amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely

**No.  1:08cv167-mp/ak**

replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Finally, Plaintiff moves to compel the jail to provide him ink pens and access to the law library. He has named no specific individuals whom he alleges are denying him writing materials or research time in the library. Further, there has not yet been service of the complaint, and therefore, the Court cannot compel any action from persons not properly before the Court. The Court adds that it is not necessary that Plaintiff have ink pens, he has obviously found some writing utensil to prepare the motion and it is not necessary at this point to undertake legal research.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **September 19, 2008.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

4. Plaintiff's Motion to Compel (doc. 9) is **DENIED**.

**No.  1:08cv167-mp/ak**

**DONE AND ORDERED** this  **29th**  day of August, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No.  1:08cv167-mp/ak**