# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**RONALD DWAYNE JAMES,**

    **Plaintiff,**

**vs.**                                                         **CASE NO. 1:08CV167-MP/AK**

**ALACHUA COUNTY JAIL,**

    **Defendants.**

    _____/

## O R D E R

Plaintiff has filed a first amended complaint, which the Court has reviewed and finds that it still fails to state a claim for relief. (Doc. 12).

Plaintiff complains that he has been moved since he filed his complaint, denied ink pens and law library access, which is hindering his preparation for two civil cases. He also again complains that he is not being permitted to take parenting classes.

In order to state a claim under the First Amendment for denial of access to the Courts, Plaintiff must show that lack of access to the law library impeded his efforts to pursue a non-frivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996).

In Lewis, the Court announced the following three-part test for determining whether a denial of access to the courts has, in fact, caused actual injury under the Constitution:

    1. The action must involve an attack to the prisoner's sentence, directly or collaterally, or challenge the conditions of his confinement.

    2. The prisoner must show the claim to which he was impeded was not frivolous.

    3. The conduct complained of must have impeded the inmate's capability to file the non-frivolous action challenging his sentence or the conditions of his confinement.

*Id.* at 1281-83.

The legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action." Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998), *citing* Lewis, 518 U.S. at 352-57, 116 S. Ct. at 2181-82.

Plaintiff has not explained what two civil cases he is referring to or how denial to the law library impeded these proceedings. He has also obviously been able to file papers in the present lawsuit, despite his claim that he has no ink pens. It is unnecessary to the present cause of action that Plaintiff provide legal research to the Court, such that denial of law library access would not impede the present lawsuit. If Plaintiff can show some need for library time in another lawsuit, he should explain in detail how he suffered actual injury by denial of library time, identify the lawsuit he is referring to, and explain how some adverse action resulted from a denial of library time.

As the Court explained previously, Plaintiff does not have a constitutional right to take parenting classes in jail.

Finally, Plaintiff does not explain what each named defendant did to violate his rights. He has named Fotina Perry and Michell Harden, whom he identifies as Classification Officer and Supervisor of Classification respectively, but he does not provide any facts to explain why he named these two defendants.

**No. 1:08cv167-MP/AK**

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file a second amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**No. 1:08cv167-MP/AK**

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **October 17, 2008.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this   1st   day of October, 2008.

                        *s/ A. KORNBLUM*
                        **ALLAN KORNBLUM**
                        **UNITED STATES MAGISTRATE JUDGE**

**No.  1:08cv167-MP/AK**